IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID D. LACKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-00234 |
| ) | |
| WILSON COUNTY JAIL, *et al.*, ) | JUDGE TRAUGER |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF THE COURT

Plaintiff David Lackey, an inmate of the Wilson County Jail in Lebanon, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Wilson County Jail, Southern Health Partners, Sheriff Robert Bryan and jail administrator Doug Whitefield alleging inadequate medical treatment for a head injury he sustained in jail. The complaint (Docket Entry No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.      Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)."

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

**II.     Factual Allegations**

Plaintiff attaches pages of grievances and statements about several different aspects of the medical care he has received in jail, but his complaint specifies that this lawsuit "is about me having a seizure on 12-9-14." (Docket Entry No. 1, at 5.) Based on the documents attached to the complaint about that seizure, the court gleans that the plaintiff suffers from a pre-existing

condition that causes seizures, and that he had a seizure on December 9, 2014, during which his jerking caused him to hit the back of his head against a block wall. Shortly after the seizure, the plaintiff was taken to the medical unit in the jail where he was seen by a doctor and a nurse. At the doctor's instruction, the nurse drew blood from the plaintiff to check the levels of his anti-seizure medication, and gave him an additional medication to control his seizures. The plaintiff alleges that neither the doctor nor the nurse examined his head.

After 14 days of the plaintiff's complaints and at least one grievance about continuing pain in his head and neck, dizziness and seeing black spots, the plaintiff was returned to the medical unit where he was placed under observation. Specifically, he alleges that his vital signs were checked every 2 hours for 12 hours, and that they were to be checked every 4 hours thereafter. The plaintiff alleges that during the second day of observation, the nurse on duty checked his vital signs at 8 a.m. but failed to check him again or administer his medication as scheduled at noon, for which she apologized to him when she checked him at 4 p.m. The plaintiff's documentation establishes that by January 4, 2015, he had undergone a CT scan at an outside medical facility about which he wanted a second opinion, and that in February 2015 the jail medical staff agreed to contact that facility and ask that the CT "be looked at again for possibility of something missed." The plaintiff alleges that he "still hurt[s] today."

Although the documents submitted by the plaintiff allege that at one time he was inappropriately housed on an upper level despite his seizure disorder, he is now on the lower level, and he does not allege that his housing assignment played any role in his December 2014 seizure or his alleged head injury.

### III.     Analysis

Plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583

(6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff fails to state a claim against the Wilson County Jail. It is well established that a jail is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). Because the plaintiff has not alleged that any violation of his rights was carried out under the authority of an unconstitutional policy or custom adopted by the county, he would not state a claim against Wilson County even if he named the county as a defendant in lieu of the jail. *See Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) ("The County may be held liable for [Plaintiff's] injuries only if those injuries were the result of an unconstitutional policy or custom of the County.").

Similarly, the plaintiff fails to state a claim against Southern Health Partners, the entity that presumably contracts to provide medical care in the Wilson County Jail. Although a private corporation that performs a traditional state function acts under the color of state law for purposes of § 1983, it cannot be found liable solely on the basis of *respondeat superior*. *Thomas v. Coble*, 55 F. App'x 748, 748–49 (6th Cir. 2003). For the corporation to be liable, an inmate must prove that his injury was caused by an action taken pursuant to some official policy or custom. *Id.* at 749 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir.1996). The plaintiff does not allege that any policy or custom of Southern Health Partners played any role in his allegedly inadequate care.

Even supervisors who are government employees cannot be held liable under Section 1983 for acts or inactions of subordinate employees absent allegations that the supervisor acquiesced, participated or condoned the employees' wrongful acts. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005) ("[P]roof of personal involvement is required for a supervisor to incur personal liability"). Plaintiff does not allege any facts that would establish that Sheriff Bryan or administrator Whitefield were personally involved in or even aware of and disregarding any of the medical issues about which the plaintiff complains.

Finally, even if he had named proper defendants to his lawsuit, the plaintiff fails to state a claim for deprivation of his rights under the Eighth Amendment. Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). But mere claims of negligent treatment or medical malpractice do not amount to deliberate indifference. *Estelle*, 429 U.S. at 106. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." *Ruiz*, 72 F. App'x at 276 (quoting *Westlake*, 537 F.2d at 860 n.5).

Plaintiff's own complaint and attached documentation demonstrate that the jail has provided medical care for his ailments, and that medical staff have made efforts to control his seizures and to diagnose and treat his alleged injury. The plaintiff was seen promptly after his

seizure by healthcare providers who were in a position to observe his condition and who provided treatment for his seizure disorder. Although he alleges a delay in providing examination and testing in connection with his alleged head injury, he does not allege that the eventual examination and testing revealed any serious medical condition or that the condition was exacerbated in any way by any delay. To the contrary, the documentation about a second opinion on the CT scan indicates that the scan was negative for serious injury. And it is even more clear that a one-time four-hour delay in having the plaintiff's vital signs checked and receiving his medication – an oversight not alleged to have caused any ill effects – does not approach the level of deliberate indifference. The simple fact that the plaintiff continues to experience some pain is not sufficient to establish the ***unnecessary and wanton infliction*** of pain required to offend the Constitution. The jail's medical staff may not have been completely effective in remedying the plaintiff's physical complaints, but they have not been deliberately indifferent to them.

## IV. CONCLUSION

For the reasons set forth herein, this action will be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. An appropriate order is filed herewith.

*[signature]*

Aleta A. Trauger
United States District Judge