IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID D. LACKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-00234 |
| ) | |
| WILSON COUNTY JAIL, *et al.*, ) | JUDGE TRAUGER |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff David Lackey, presently incarcerated in the Wilson County Jail in Lebanon, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Wilson County Jail, Southern Health Partners, Sheriff Robert Bryan and jail administrator Doug Whitefield alleging inadequate medical treatment for a head injury he sustained in jail. Before the court is the plaintiff's application to proceed *in forma pauperis* (ECF No. 2). In addition, his complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $400 required by 28 U.S.C. § 1914(a). Because it appears from the plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The administrator of the Wilson County Jail, as custodian of the plaintiff's prison trust account, is **DIRECTED** to submit to the clerk of court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period

immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the clerk of court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court is **DIRECTED** to send a copy of this order to the administrator of the Wilson County Jail to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

### B. Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. For the reasons set forth in the accompanying memorandum, the court concludes that the plaintiff fails to state a claim for which relief can be granted, and this action is **DISMISSED with prejudice**. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Entry of this order constitutes the judgment in this action.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge